UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN TROSCLAIR AND AMY TROSCLAIR | CIVIL ACTION |
| VERSUS | NO. 07-4616 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment (Rec. Doc. No. 14) that was filed by Defendant, State Farm Fire and Casualty Company, a Write-Your-Own ("WYO") Program carrier participating the United States Government's National Flood Insurance Program ("NFIP"). With its motion, Defendant seeks dismissal of all, or at least some, of the claims that Plaintiffs have asserted against it in this action. As stated herein, **IT IS ORDERED** that the motion is **GRANTED** in its entirety. Thus, Plaintiffs' claims against Defendant are **DISMISSED WITH PREJUDICE**.

**I.     Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.   Analysis**

Defendant argues, *inter alia*, that Plaintiffs' claims are barred by their failure to satisfy all of the NFIP's pre-suit requirements prior to instituting this lawsuit on August 28, 2007. Specifically, Defendant argues that Plaintiffs did not file suit within one year of receiving a May 11, 2006 written denial of all or part of their claims. Further, Defendant maintains that Plaintiffs failed to submit a properly supported "Proof of Loss" within one year of the date of their loss. *See* 44 C.F.R. §61 app. (A)(1) art. VII (R) (requiring *prior* compliance with all policy requirements before

3

filing suit in court within one year of written denial of all or part of a claim ); 44 C.F.R. §61, app. (A)(2), art. VII (J)(3) & (4) (requiring sworn proof of loss and supporting documentation).

Relative to the timeliness of Plaintiffs' suit, Defendant references the May 11, 2006 letter it sent to Plaintiffs that enclosed additional funds for sheetrock replacement but denied claims for "electrical code upgrade for the second floor, land subsidence or settling and [a] cracked plumbing line." *See* Exhibit F to Exhibit B to Defendant's Motion for Summary Judgment (Rec. Doc. No. 14-3, page 18 of 48). Defendant contends that, given the date of this letter, Plaintiffs' August 28, 2007 suit is untimely. Plaintiffs disagree, and contend that none of the claims in the present suit speak to the coverages denied in the May 11, 2006 letter. Thus, they argue, the letter did not commence the one-year period for filing suit.

The Court finds Plaintiffs' treatment of the timeliness issue wanting. Specifically, Plaintiffs make no effort in their summary judgment submission to identify the claims that they contend are at issue in this suit, but were not addressed by Defendant's May 11, 2006 letter. Although the Court recognizes that Plaintiffs submitted a "Proof of Loss" form on or around August 24, 2006, claiming an additional net amount of $144,000.00 under their flood insurance policy, that document does not outline the damages for which they seek the additional sum. *See* Exhibit I to Exhibit B to Defendant's Motion for Summary Judgment (Rec. Doc. No. 14-3, pages 27- 29 of 48). And, as stated above, the Court will not speculate as to the nature of these damages or scour the record in hopes of identifying them. Thus, on the showing made, the Court cannot ascertain the existence of a genuine issue of material fact relative to timeliness of Plaintiffs' suit.

Alternatively, even if Plaintiffs' suit was timely filed, it fails because they did not satisfy the NFIP's stringent proof of loss requirements. Merely filing a sworn form setting forth a

monetary amount sought, as did Plaintiffs, is not sufficient. Rather, the applicable regulations, cited above, require strict pre-suit compliance with supporting documentation requirements. Plaintiffs do not point to any documents submitted along with, or attached to, the August 24, 2006 "Proof of Loss" form. Additionally, though they contend in their opposition memorandum that they "had submitted extensive documentation to State Farm prior to August 24, 2006," they make no effort – in the form of sworn testimony or otherwise – to identify these documents. Again, the Court will not render a guess on their behalf. Nor can the Mark Martin repair estimate and various receipts and invoices apparently submitted by Plaintiffs on or around August 13 and 15, 2008, *i.e.,* during the course of this suit, cure the pre-suit deficiencies. Accordingly, under the controlling statutes and regulations, Plaintiffs' claims are properly dismissed. *See, e.g., Naghi d/b/a Naghi's v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 07-4498, 2008 WL 4427216, *1 (E.D. La. 9/25/08)(Engelhardt, J.)(discussing strict proof of loss requirements); *Otallah v. State Farm Fire and Cas. Ins. Co.*, Civil Action No. 07-5183, 2008 WL 3539667,*3-5 (E.D. La. 7/31/08)(Berrigan, J)(lack of verifying documentation rendered proof of loss submission deficient); *Wells v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 06-5381, 2008 WL 2781539, *3 (E.D. La. 7/14/08)(Duval, J.)(belated repair estimate and damaged contents list did not cure pre-suit failure to submit adequate documentation); *Eichaker v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 07-4485, 2008 WL 2308959, *3-4 and n.

<a>
</a>

21 (E.D. La. 6/03/08)(Africk, J.)(later prepared adjusters' estimates did not satisfy detailed repair estimate required for sufficient proof of loss).

New Orleans, Louisiana, this 9th day of December 2008.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE